# Exhibit

# A

*Cycn w/30*



2009CI06289_P00002

**Fax Filing Transmittal To**
**MARGARET G. MONTEMAYOR,**
**BEXAR COUNTY DISTRICT CLERK**
Fax (210) 335-2553



**BEXAR COUNTY COURTHOUSE**
**100 DOLOROSA**
**SAN ANTONIO TEXAS 78205**
Voice (210) 335-2113

# REQUEST FOR PROCESS

Cause No. **2009CI06289**    2

Style: *Russell D. Martin*

Court: **408th**

vs *City of San Antonio*

Date: *April 15, 09*

## Request the following process:

☒ Citation   ☐ Notice   ☐ Precept   ☐ Temporary Restraining Order

☐ Subpoena   ☐ Subpoena *Duces Tecum* (Describe Duces Tecum on Reverse)   ☐ Other (Describe)

| Information for subpoena: | Date: | Time: | Court: | |
|---|---|---|---|---|

Parties to be served (type or print): *City of San Antonio*

1. *Hon. Leticia M. Vacek, City Clerk of San Antonio*
Address: *100 Military Plaza, 2nd Floor*
*San Antonio, TX 78205*   Type* *Certified mail*

2. _____
Address: _____
_____ Type* _____

3. _____
Address: _____
_____ Type* _____

4. _____
Address: _____
_____ Type* _____

5. _____
Address: _____
_____ Type* _____

*Type: Sheriff; Constable Precinct _____; Private Process Server; Certified Mail; Registered Mail; Out of County; Out of State; Secretary of State; Commissioner of Insurance.

Name and address of attorney: *Javier N. Maldonado,*
*110 Broadway, Ste. 510, San Antonio, TX 78205*
Attorney's Bar No. *00794216*

Attorney for: ☒ Plaintiff   ☐ Defendant   ☐ Other _____

Thank you for Fax Filing. If you have questions, please call (210) 335-2621

CERTIFIED MAIL #7160390198462536072

"The State of Texas"                NO.   2009-CI-06289

2009CI06289 -S00001

RUSSELL D MARTIN
Plaintiff
Vs.                                              IN THE DISTRICT COURT

CITY OF SAN ANTONIO                              408th JUDICIAL DISTRICT
Defendant
( Note: Attached Document May Contain Additional Litigants. )    BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to:  CITY OF SAN ANTONIO- BY SERVING THE HONORABLE
LETICIA M VACEK, CITY CLERK, CITY OF SAN ANTONIO

100 MILITARY PLAZA 2ND FL
SAN ANTONIO TX 78205-2425

"You have been sued.  You may  employ an attorney.  If you or your  attorney do not
file a written answer with  the clerk who  issued this citation by  10:00 a.m. on the
Monday  next following  the  expiration  of  twenty  days  after  you  were  served  this
citation and petition,  a  default judgment  may  be  taken  against  you."  Said petition
was filed on the  15th  day of  April           ,  2009 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  16th  DAY OF  April
A.D.,  2009 .

PLAINTIFF'S ORIGINAL PETITION

                                        MARGARET G. MONTEMAYOR
                                        District Clerk of Bexar County, Texas
                                        Bexar County Courthouse
                                        San Antonio, Texas  78205

JAVIER N MALDONADO
Attorney/PLAINTIFF
address
110 BROADWAY ST 510                     Angela Dominguez          Deputy
SAN ANTONIO, TX 78205-1948              ANGELA DOMINGUEZ

---

                        OFFICER'S RETURN

Came to hand on the  16th  day of  April           , A.D.,  2009   at  8:41  o'clock  A .M. and
EXECUTED  (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____,  A.D.,
_____, by delivering to _____  a true copy of this
_____ citation _____, upon which I endorsed the date of delivery, together
with the accompanying copy of the   PLAINTIFF'S ORIGINAL PETITION _____
_____
_____
_____.

Cause of failure to execute this _____ is _____.

                        MARGARET G. MONTEMAYOR
                        Clerk of the District Courts of
                        **Bexar County, Texas**

                        By _____  Deputy
                                ANGELA DOMINGUEZ

                                                    ORIGINAL
                                                    (DK003)

**2009CI06289**

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

Cause No._____

09 APR 15 PM 4: 26

| | | |
|---|---|---|
| RUSSELL D. MARTIN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| vs. | § | |
| | § | BEXAR COUNTY, TEXAS |
| CITY OF SAN ANTONIO, | § | |
| Defendant. | § | **408th** |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES RUSSELL D. MARTIN, and files this his Original Petition against Defendant City of San Antonio ("Defendant" or "San Antonio"), and would respectfully show the Court as follows:

1.     Pursuant to Tex. R. Civ. P. 190.3, discovery is intended to be conducted at Level 2.

### Parties

2.     Plaintiff is an individual residing in Stockdale, Wilson County, Texas. Defendant City of San Antonio is a local governmental entity as such term is defined in Tex. Gov't Code § 554.001(2)(B).  Defendant San Antonio may be served with process by serving the Honorable Leticia M. Vacek, City Clerk, City of San Antonio, at 100 Military Plaza, 2nd Floor, San Antonio, Texas 78205.  Plaintiff affirmatively pleads that he seeks injunctive relief, actual damages, courts, reasonable attorney's fees, reinstatement, compensation for lost wages, and the maximum amount of monetary relief for compensatory damages as allowed under Tex. Gov't Code § 554.003.

### Jurisdiction and Venue

3.     Plaintiff seeks relief within the jurisdictional limits of this Court.  This Court has subject matter jurisdiction of this cause pursuant to Tex. Const. Art. V § 8 and

1

Tex. Gov't Code § 554.007. This Court also has personal jurisdiction over the parties, namely, a local governmental unit of the State of Texas and a natural person residing in Texas.

4.  Venue is proper under Tex. Civ. Prac. & Rem. Code § 15.02 as Bexar County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## Facts

6.  Plaintiff is a 62 year-old male. In 1969, Defendant San Antonio's Police Department hired Plaintiff in its patrol unit. Plaintiff subsequently worked for the Traffic Division and then the Expressway Patrol. In 1979, Plaintiff voluntarily left Defendant's employment to work for the Southern Pacific Railroad.

7.  Plaintiff again applied for employment with Defendant in 1989 and Defendant San Antonio hired Plaintiff to work as a police officer with the San Antonio Airport Police Department.

8.  On or about March 18, 2008, Plaintiff reported to his immediate supervisor, Airport Police Lieutenant (Lt.) John Gruchacz, that Airport Police Sergeant (Sgt.) Orlando Battles was fraudulently reporting his work hours, in effect violating, among other laws, Tex. Penal Code §§ 37.02 (perjury) and 37.10 (tampering with a government record).

9.  Such allegation was subsequently forwarded to Lt. Richard Griffin.

11. On or about June 16, 2008, Lt. Griffin forwarded Plaintiff's complaint of Sgt. Battles to Airport Police Chief Ron Bruner.

12. Soon after Chief Bruner received Plaintiff's allegation of wrongdoing by

2

Sgt. Battles. Defendant and its agents began a campaign of retaliation against Plaintiff.

13.    On June 17, 2008, Lt. Gruchacz assigned Plaintiff to work under Sgt. Battles, the same person Plaintiff reported to Defendant for committing criminal violations.

14.    Plaintiff complained to Lt. Gruchacz and submitted written objections about the reassignment.

15.    On June 20, 2008, Chief Bruner advised Plaintiff that he would not be working under Sgt. Battles.

16.    But on June 24, 2008, Defendant San Antonio advised Plaintiff that the department's Internal Affairs Unit was investigating disciplinary action against him for an email Plaintiff wrote to Lt. Gruchacz on March 1, 2008.

17.    On August 6, 2008, Plaintiff appeared before the Advisory Action Board regarding alleged violations relating to the email he sent to Lt. Gruchacz on March 1, 2008. At the same time that it was reviewing Plaintiff's case, the Board was also considering disciplinary action against two other officers, one of them being Sgt. Battles for his fraudulent reporting of work hours. Plaintiff later learned that the Board recommended that he be suspended for 3 days and that Sgt. Battles be suspended for 10 days.

18.    Later on November 18, 2008, Plaintiff was called to a meeting with Chief Bruner, Lt. Griffin, Lt. Gruchacz, Assistant Aviation Director Tim O'Krongley, and Human Resource Specialist Mona Osburn. At this meeting, Defendant served Plaintiff with a proposed notice of termination for alleged violations arising out of the March 1, 2008 incident as well as comments Plaintiff allegedly made on June 18, 2008.

3

19.     The alleged June 18, 2008 comments concerned Plaintiff's reservations about working under Sgt. Battles.  According to Defendant, such comments were a violation of the workplace violence policy and required Plaintiff's immediate suspension notwithstanding the fact that Plaintiff had been working for five (5) months without any problems.  Moreover, this was the first time Defendant ever notified Plaintiff that his June 18, 2008 comments were the subject of disciplinary action.

20.     On November 18, 2008, Defendant placed Plaintiff on administrative leave pending a decision on his proposed termination.

21.     On November 25, 2008, Plaintiff submitted a response to Defendant's proposed termination.  Defendant, however, did not allow Plaintiff to come onto airport property and required that Lt. Griffin escort Plaintiff.

22.     On December 9, 2008, Plaintiff met with Ms. Osburn, Chief Bruner, and Lt. Griffin.  Defendant served Plaintiff with a final notice of termination of his employment.

23.     Plaintiff timely appealed his termination to the San Antonio Municipal Civil Commission and the Commission held a hearing on Plaintiff's termination on February 19-20, 2009.

24.     At the conclusion of the hearing, the Commission concluded that Defendant's evidence did not support Plaintiff's termination and recommended that Defendant reverse its decision to terminate Plaintiff and, instead, reinstate him.  In addition, the Commission recommended that Plaintiff be suspended for 3 days for the March 1, 2008 email and 5 days for the June 18, 2008 comments.

25.     On March 17, 2009, Defendant City Manager Sheryl Sculley rejected the

4

Commission's findings and recommendation even though she had neither the benefit of having heard live testimony or reviewing the evidence against Plaintiff.

### Unlawful Retaliation

26.     Incorporating the paragraphs above, Plaintiff alleges that Defendant retaliated against him in violation of Tex. Gov't Code §554.002 by terminating Plaintiff's employment for his reporting of a violation of law by another public employee to an appropriate law enforcement authority.

### Damages

27.     As a result of the Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer actual and compensatory damages.

28.     Plaintiff seeks all the remedies and relief authorized by Tex. Gov't Code §554.003, including but not limited to court costs, reinstatement, actual damages, lost wages, front pay, court costs, attorney's fees, and compensatory damages for past and future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Exhaustion of Administrative Procedures

29.     Plaintiff has exhausted all administrative procedures prerequisite to bringing this cause to Court.  Plaintiff availed himself of the appeal procedures afforded to city employees and timely appealed his termination to the San Antonio Civil Service Commission.

30.     Defendant rendered a final decision on Plaintiff's appeal on March 17, 2009.

31.     This suit is filed within the 30 days after exhaustion of March 17, 2009,

the date when the appeal procedures were exhausted.

32.    Plaintiff demands a jury trial on all issues of fact and damages arising in this case.

## Prayer for Relief

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

1.    Judgment against Defendant for the lost wages, front pay, actual damages and compensatory damages suffered by Plaintiff as a result of Defendant's conduct, in an amount within the jurisdictional limits of the Court;

2.    An order directing Defendant to reinstate Plaintiff to his former position or an equivalent position;

3.    Costs of suit;

4.    Reasonable attorney's fees;

5.    Such other and further relief to which the Plaintiff may be justly entitled.

6

Respectfully Submitted.

_____

JAVIER N. MALDONADO
Texas Bar No. 00794216
110 Broadway St., Ste. 510
San Antonio, Texas 78205
Phone: 210-227-1603
Facsimile: 210-225-3958

_____

Juan M. Gonzalez
Texas Bar No. 24002158
Gonzalez & Otero LLC
110 Broadway St., Ste. 510
San Antonio, TX 78205
Phone: 210-587-4000
Fax: 210-587-4001

**ATTORNEYS FOR PLAINTIFF**

RECEIVED
CITY OF SAN ANTONIO
CITY CLERK
09 APR 20  PM 4:06

7

049.J82013211
$ 05.490
04/17/2009
Mailed From 78205
US POSTAGE

CITY CLERK                ONIO

09 APR 20   PM 4:06

CERTIFIED MAIL

7160 3901 9846 2536 36

RETURN RECEIPT REQUESTED

CITY OF SAN ANTONIO, BY ORDERING THE
LETICIA M. VACEK, CITY CLERK, CITY OF SAN AN
100 MILITARY PLAZA 2ND FL
SAN ANTONIO, TX  78205-2425

2009C106289   4/16/2009   CITCM  ANGELA DOMINGUEZ

MARGARET G. MONTEMAYOR
BEXAR COUNTY DISTRICT CLERK
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205-3002

RETURN SERVICE REQUESTED

No. 2009CI06289

DISTRICT CLERK
BEXAR CO. TEXAS

2009 MAY -8 A 10: 29

DEPUTY

BY_____

RUSSELL D. MARTIN

V.

CITY OF SAN ANTONIO

IN THE DISTRICT COURT

408TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## ORIGINAL ANSWER OF DEFENDANT
## CITY OF SAN ANTONIO

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Defendant, the **CITY OF SAN ANTONIO**, in the above entitled and numbered cause.  Reserving the right to file other and further pleadings, exceptions, and denials, it files this document as its Original Answer to Plaintiff's Original Petition.  In support thereof, it would respectfully show unto the Court as follows:

### I.

Defendant, the CITY OF SAN ANTONIO, denies the allegations contained in *Plaintiff's Original Petition* and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant, the CITY OF SAN ANTONIO, specifically asserts that it is a home-rule municipality pursuant to its City Charter and the laws of the State of Texas. Defendant, the CITY OF SAN ANTONIO, asserts its entitlement to governmental immunity.

### III.

Defendant, the CITY OF SAN ANTONIO, pleads the limitation of liability provided by

Tex. Labor Code § 21.258 and § Section 21.2585.

### IV.

Defendant the CITY OF SAN ANTONIO specifically asserts that any and all actions taken by Defendant with respect to Plaintiff were based on business necessity.

WHEREFORE, PREMISES CONSIDERED, Defendant, the CITY OF SAN ANTONIO, prays that the Plaintiff take nothing by his lawsuit against it and that Defendant, the CITY OF SAN ANTONIO, go hence with costs without a day.

Respectfully submitted,

CITY OF SAN ANTONIO
Michael D. Bernard, City Attorney
SBN: 02211310
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, TX 78205

DEBORAH LYNNE KLEIN
Attorney IV
SBN: 11556750
(210) 207-8919 / (210) 207-4357 FAX

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following on May 8, 2009:

Javier N. Maldonado
Law Office of Javier N. Maldonado, P.C. ☒ CMRRR
110 Broadway St., Suite 510
San Antonio, Texas 78205

Juan M. Gonzalez
Gonzalez & Otero, LLC ☒ CMRRR
110 Broadway St., Suite 510
San Antonio, Texas 78205

_____
DEBORAH LYNNE KLEIN



Cause No. 2009-CI-06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 408TH JUDICIAL DISTRICT |
| vs. | § | |
| | § | BEXAR COUNTY, TEXAS |
| CITY OF SAN ANTONIO, | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES RUSSELL D. MARTIN, and files this his First Amended Petition against Defendant City of San Antonio ("Defendant" or "San Antonio"), and would respectfully show the Court as follows:

1.      Pursuant to Tex. R. Civ. P. 190.3, discovery is intended to be conducted at Level 2.

### Parties

2.      Plaintiff is an individual residing in Stockdale, Wilson County, Texas. Defendant City of San Antonio is a local governmental entity as such term is defined in Tex. Gov't Code § 554.001(2)(B). Defendant San Antonio may be served with process by serving the Honorable Leticia M. Vacek, City Clerk, City of San Antonio, at 100 Military Plaza, 2nd Floor, San Antonio, Texas 78205. Plaintiff affirmatively pleads that he seeks injunctive relief, actual damages, courts, reasonable attorney's fees, reinstatement, compensation for lost wages, and the maximum amount of monetary relief for compensatory damages as allowed under Tex. Gov't Code § 554.003.

### Jurisdiction and Venue

3.      Plaintiff seeks relief within the jurisdictional limits of this Court.  This Court has subject matter jurisdiction of this cause pursuant to Tex. Const. Art. V § 8 and

1

Tex. Gov't Code § 554.007.  This Court also has personal jurisdiction over the parties, namely, a local governmental unit of the State of Texas and a natural person residing in Texas.

4.      Venue is proper under Tex. Civ. Prac. & Rem. Code § 15.02 as Bexar County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### Facts

5.      Plaintiff is a 62 year-old male.  In 1969, Defendant San Antonio's Police Department hired Plaintiff in its patrol unit.  Plaintiff subsequently worked for the Traffic Division and then the Expressway Patrol.  In 1979, Plaintiff voluntarily left Defendant's employment to work for the Southern Pacific Railroad.

6.      Plaintiff again applied for employment with Defendant in 1989 and Defendant San Antonio hired Plaintiff to work as a police officer with the San Antonio Airport Police Department.

7.      On or about March 2007, Plaintiff was working as acting Sergeant under the supervision of Lt. John Gruchacz.  Several weeks later, I became aware that Lt. Gruchacz was discriminating and retaliating against Patrol Officer Kim Igleheart because of her sex and disabled condition and for opposing discrimination.  Lt. Gruchacz instructed me to "get" Ms. Igleheart on anything I could.  I told Lt. Gruchacz that I would not participate in retaliation against Ms. Igleheart.

8.      On or about June 22, 2007, Plaintiff was interviewed by Defendant's EEO office concerning allegations of discrimination and retaliation against Ms. Igleheart by Lt. Gurchacz.

2

9.     Thereafter, on or about, September 2007, Lt. Gurchacz, acting within the course and scope of his employment with Defendant, demoted Plaintiff by stripping Plaintiff of his "acting Sergeant" position.

10.    Further, on or about March 18, 2008, Plaintiff reported to his immediate supervisor, Lt. Gruchacz, that Airport Police Sergeant (Sgt.) Orlando Battles was fraudulently reporting his work hours, in effect violating, among other laws, Tex. Penal Code §§ 37.02 (perjury) and 37.10 (tampering with a government record).

11.    Such allegation was subsequently forwarded to Lt. Richard Griffin.

12.    On or about June 16, 2008, Lt. Griffin forwarded Plaintiff's complaint of Sgt. Battles to Airport Police Chief Ron Bruner.

13.    Soon after Chief Bruner received Plaintiff's allegation of wrongdoing by Sgt. Battles, Defendant and its agents began a campaign of retaliation against Plaintiff.

14.    On June 17, 2008, Lt. Gruchacz assigned Plaintiff to work under Sgt. Battles, the same person Plaintiff reported to Defendant for committing criminal violations.

15.    Plaintiff complained to Lt. Gruchacz and submitted written objections about the reassignment.

16.    On June 20, 2008, Chief Bruner advised Plaintiff that he would not be working under Sgt. Battles.

17.    But on June 24, 2008, Defendant San Antonio advised Plaintiff that the department's Internal Affairs Unit was investigating disciplinary action against him for an email Plaintiff wrote to Lt. Gruchacz on March 1, 2008.

18.    On August 6, 2008, Plaintiff appeared before the Advisory Action Board

3

regarding alleged violations relating to the email he sent to Lt. Gruchacz on March 1, 2008. At the same time that it was reviewing Plaintiff's case, the Board was also considering disciplinary action against two other officers, one of them being Sgt. Battles for his fraudulent reporting of work hours. Plaintiff later learned that the Board recommended that he be suspended for 3 days and that Sgt. Battles be suspended for 10 days.

19.    Later on November 18, 2008, Plaintiff was called to a meeting with Chief Bruner, Lt. Griffin, Lt. Gruchacz, Assistant Aviation Director Tim O'Krongley, and Human Resource Specialist Mona Osburn. At this meeting, Defendant served Plaintiff with a proposed notice of termination for alleged violations arising out of the March 1, 2008 incident as well as comments Plaintiff allegedly made on June 18, 2008.

20.    The alleged June 18, 2008 comments concerned Plaintiff's reservations about working under Sgt. Battles. According to Defendant, such comments were a violation of the workplace violence policy and required Plaintiff's immediate suspension notwithstanding the fact that Plaintiff had been working for five (5) months without any problems. Moreover, this was the first time Defendant ever notified Plaintiff that his June 18, 2008 comments were the subject of disciplinary action.

21.    On November 18, 2008, Defendant placed Plaintiff on administrative leave pending a decision on his proposed termination.

22.    On November 25, 2008, Plaintiff submitted a response to Defendant's proposed termination. Defendant, however, did not allow Plaintiff to come onto airport property and required that Lt. Griffin escort Plaintiff.

23.    On December 9, 2008, Plaintiff met with Ms. Osburn, Chief Bruner, and

4

Lt. Griffin.   Defendant served Plaintiff with a final notice of termination of his employment.

24.     Plaintiff timely appealed his termination to the San Antonio Municipal Civil Commission and the Commission held a hearing on Plaintiff's termination on February 19-20, 2009.

25.     At the conclusion of the hearing, the Commission concluded that Defendant's evidence did not support Plaintiff's termination and recommended that Defendant reverse its decision to terminate Plaintiff and, instead, reinstate him.   In addition, the Commission recommended that Plaintiff be suspended for 3 days for the March 1, 2008 email and 5 days for the June 18, 2008 comments.

26.     On March 17, 2009, Defendant City Manager Sheryl Sculley rejected the Commission's findings and recommendation even though she had neither the benefit of having heard live testimony or reviewing the evidence against Plaintiff.

### Unlawful Retaliation

27.     Incorporating the paragraphs above, Plaintiff alleges that Defendant retaliated against him (i) in violation of Tex. Labor Code §21.055 for Plaintiff's opposition of a discriminatory practice and his participation in an investigation, proceeding or hearing ; and (ii) in violation of Tex. Gov't Code §554.002 by terminating Plaintiff's employment for participating in protective activity by reporting a violation of law by another public employee to an appropriate law enforcement authority.

### Damages

28.     As a result of the Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer actual and compensatory damages.

5

29.     Plaintiff seeks all the remedies and relief authorized by Tex. Labor Code §21.2585, Tex. Labor Code §21.259, and Tex. Gov't Code §554.003, including but not limited to court costs, reinstatement, actual damages, lost wages, front pay, court costs, attorney's fees, and compensatory damages for past and future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Exhaustion of Administrative Procedures

30.     Plaintiff has exhausted all administrative procedures prerequisite to bringing this cause to Court.

31.     Plaintiff availed himself of the appeal procedures afforded to city employees and timely appealed his termination to the San Antonio Civil Service Commission.

32.     Defendant rendered a final decision on Plaintiff's appeal on March 17, 2009.

33.     This suit was filed within the 30 days after exhaustion of March 17, 2009, the date when the appeal procedures were exhausted.

34.     Further, on or about May 6, 2009, Plaintiff filed a complaint with the EEOC, with election that such complaint be filed with the Civil Rights Division of the Texas Workforce Commission, alleging that Defendant had unlawfully retaliated against him.

35.     On or about July 30, 2009, the EEOC issued a decision with respect to Plaintiff's retaliation claim.  Such decision was received by Plaintiff's counsel on or about August 2, 2009.

6

36.     On or about August 24, 2009, the Texas Workforce Commission issued a Right to Sue notice.  This suit is filed within two years of the accrual of the action and is timely.  Therefore, Plaintiff has exhausted all administrative procedures prerequisite to bringing this cause to court.

37.     Plaintiff demands a jury trial on all issues of fact and damages arising in this case.

### Prayer for Relief

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

1.     Judgment against Defendant for the lost wages, front pay, actual damages and compensatory damages suffered by Plaintiff as a result of Defendant's conduct, in an amount within the jurisdictional limits of the Court;

2.     An order directing Defendant to reinstate Plaintiff to his former position or an equivalent position;

3.     Costs of suit;

4.     Reasonable attorney's fees;

5.     Such other and further relief to which the Plaintiff may be justly entitled.

7

Respectfully Submitted,

JAVIER N. MALDONADO
Texas Bar No. 00794216
110 Broadway St., Ste. 510
San Antonio, Texas 78205
Phone: 210-227-1603
Facsimile: 210-225-3958

Juan M. Gonzalez
Texas Bar No. 24002158
Gonzalez & Otero LLC
110 Broadway St., Ste. 510
San Antonio, TX 78205
Phone: 210-587-4000
Fax: 210-587-4001

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served via regular mail and facsimile and in accordance with the Texas Rules of Civil Procedure on September 2 of 2009 to:

Deborah Lynne Klein
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Fl.
San Antonio, TX  78205

_____ CM/RRR
_____ Facsimile (210-207-4357)
_____ Express Mail
_____ Hand Delivery
_____ First Class
_____ Email

JAVIER N. MALDONADO

8

FILED
DIS. DIST. CLERK

09 SEP -2 PM 3: 32

DEPUTY

BY

Cause No. 2009-CI-06289  DEC 10  PM 2:41

| | | |
|---|---|---|
| RUSSELL D. MARTIN,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 408TH JUDICIAL DISTRICT<br>BY_____ |
| CITY OF SAN ANTONIO,<br>    Defendant. | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

**DEMAND FOR JURY AND MOTION TO SET ON JURY DOCKET**

Plaintiff, Russell D. Martin, demands a jury trial and pays the jury fee herewith.

Motion is also made that the above numbered and entitled cause be set for trial on the

Jury Docket. The estimated length of trial is approximately four days.

Respectfully Submitted,




JAVIER N. MALDONADO
Texas Bar No. 00794216
110 Broadway St., Ste. 510
San Antonio, Texas 78205
Phone: 210-227-1603
Facsimile: 210-225-3958


Juan M. Gonzalez
Texas Bar No. 24002158
Gonzalez & Otero LLC
110 Broadway St., Ste. 510
San Antonio, TX 78205
Phone: 210-587-4000
Fax: 210-587-4001

**ATTORNEYS FOR PLAINTIFF**

## ORDER

The above styled and numbered cause is set for trial on the Jury Docket for the 7th day of September, 2010 at 8:30 a.m., in the _____57_____ Monitoring Court, 100 Dolorosa, Bexar County, Texas, San Antonio.  The ADR docket is set for May __5__, 2010 at 8:30 a.m. in the 57th Judicial District Court, 100 Dolorosa, Bexar County, Texas, San Antonio.

DEC 1 0 2009

Signed on this ___  __ day of December, 2009.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served via regular mail and facsimile and in accordance with the Texas Rules of Civil Procedure on December 10, 2009 to:

Deborah Lynne Klein                    _____  CM/RRR
Office of the City Attorney            _____  Facsimile (210-207-4357)
Litigation Division                    _____  Express Mail
111 Soledad St., 10th Fl.              _____  Hand Delivery
San Antonio, TX 78205                  _____  First Class
                                       _____  Email

_____
JAVIER N. MALDONADO



RECEIVED
LITIGATION

APR 0 2 2010

CITY ATTORNEY'S OFFICE
SAN ANTONIO, TEXAS

'''5132

OFFICE OF CIVIL JURY ASSIGNMENT CLERK
BEXAR COUNTY COURTHOUSE—ROOM 422
SAN ANTONIO, TEXAS 78205
(210) 335-2929

March 31, 2010

## NOTICE OF JURY TRIAL SETTING

DEBORAH KLEIN
Attorney at Law
111 SOLEDAD ST 10TH
SAN ANTONIO, TX 78205-2230

RE: RUSSELL D MARTIN VS. CITY OF SAN ANTONIO
Cause No: 2009-CI-06289

  The above-styled and -numbered cause is set for
trial ON THE MERITS on the  7th day of September, 2010
at  8:30 AM in the  37th District Court.  Failure to
appear may result in default or dismissal for want of
prosecution.

  All parties shall deliver Motions in  Limine,
Motions to Realign Parties or Equalize Peremptory Strikes,
and a Proposed Jury Charge to all other parties by Noon on
the last business day prior to the above-referenced trial
date.

  In the event the trial is expected to last ten (10)
working days or longer, it is strongly suggested that a
Rule 166 Pretrial Motion be heard at least sixty (60) days
before the above-referenced setting date.

  This cause is also set on the ADR docket on the
5th day of May, 2010 at  8:30 AM        in the   57th District
Court, Bexar County Courthouse.  You do not have to appear if an
Agreed Order of Referral for Mediation is Provided to the ADR
Coordinator three (3) days prior to the setting.  Otherwise,
failure to appear as noticed may result in court selecting a
mediator and allocating mediator fees between the parties.

       DAVID A BERCHELMANN

       JURY MONITORING JUDGE

CC:


  DEBORAH KLEIN
  JAVIER MALDONADO
  JUAN GONZALEZ

Fax sent by :                                                                    05-19-10 06:04p    Pg:  1/3

CAUSE NO. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D MARTIN | ) | IN THE DISTRICT COURT |
| VS | ) | 408  JUDICIAL DISTRICT |
| CITY OF SAN ANTONIO | ) | BEXAR COUNTY, TEXAS |

ORDER OF REFERRAL FOR MEDIATION

This case is appropriate for mediation pursuant to TEX. CIV. PRAC. & REM CODE 154.001, et seq. By agreement of the parties/By appointment of the Court ___Joe Brown___ _____ is appointed Mediator in the above case and all counsel are directed to contact Mediator to arrange the logistics of mediation within three (3) business days.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the Mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the Court will be advised by the Mediator, parties and counsel, only that the case did or did not settle. The Mediator shall not be a witness nor may the Mediators records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and their counsel will be bound by the Rules for Mediation as adopted by the Civil District Judges in Special Order No. 30270, and shall complete the information forms as are furnished by the Mediator.

The Court ORDERS that all parties and their counsel must be present during the entire mediation process and each corporate party must be represented   by a  designated representative with full authority to settle the case.  Counsel and parties shall proceed in a good faith effort to try to resolve this case and shall agree upon a mediation date to take place no later than _____7/23/2010_____

A violation of the Order shall be punished by contempt of Court, which is punishable by confinement in the County Jail for up to six (6) months and a fine of up to $500.00.

Referral to mediation is not a substitute for trial and the case will be tried if not settled.

SIGNED ___May 5, 2010___

_____
JUDGE PRESIDING

Fax sent by :                                                    05-19-10 06:04p   Pg:  2/3

CAUSE NO. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D MARTIN | ) | IN THE DISTRICT COURT |
| | ) | |
| VS | ) | 408  JUDICIAL DISTRICT |
| | ) | |
| CITY OF SAN ANTONIO | ) | BEXAR COUNTY, TEXAS |

REPORT OF JUDICIAL APPOINTMENT AND APPROVAL OF PAYMENT FEE

On the ___ MAY 0 5 2010 day of _____ *Joe Brown* _____, SSN _____,
was appointed as:

_____ Guardian / Attorney ad litem to represent.

_____ Attorney ad litem to represent respondent cited by publication.

__X__ Mediator (conditionally pursuant to separate  written order as per TEX. CIV. PRAC. & REM.
REM. CODE 154).
Results of mediation conference:
Settled _____
Not Settled _____
Date of Mediation _____

_____ Auditor (172. TEX. R. CIV. P. 172).

_____ Mental Health Professionals (pursuant to separate written order and per TRCP, Rule 167a
and Rule 510, TEX. R. CIV. EVID.).

_____ Receiver (pursuant to separate written order  and  per Texas Family Code 3.58/Rules 695
and 695a, TRCP).

_____ Master in Chancery(pursuant to separate written order and per Rule 171, TRCP).

_____ Referee in Juvenile Court (pursuant to Family Code, 51.04g).

_____ Social Study Investigators.

FEE CHARGED BY APPOINTED:

$ _____ PAID BY/BILLED TO _____

$ _____ PAID BY/BILLED TO _____

$ _____ PAID BY/BILLED TO _____

SIGNED AND SUBMITTED FOR COURT APPROVAL this _____ day of _____, _____.

_____
APPOINTEE

APPROVED AND ORDERED this ____ day of _____, _____.

_____
JUDGE PRESIDING

Fax sent by :

05-19-10 06:04p    Pg:  3/3

CAUSE NO.:2009CI06289 COURT:408 DATE / TIME:05/05/2010 08:30AM    SETTING COURT:057

STYLE:RUSSELL D MARTIN VS CITY OF SAN ANTONIO

TRIAL DATE/TIME:09/07/2010 08:30AM

ATTORNEY(S) FOR CASE:

|  | Office Nbr. | Fax Nbr. |  |  | Office Nbr. | Fax Nbr. |
|---|---|---|---|---|---|---|
| JAVIER MALDONADO | 210-227-1603 | 210-225-3958 | JUAN GONZALEZ |  | 210-587-4000 | 210-587-4001 |
| DEBORAH KLEIN | 210-207-8919 | 210-207-4357 |  |  |  |  |

ADR DOCKET HEARING: _____

RESET DATE: _____

DATE FOR MEDIATION: _____ NLT: 7/23/10      344-7228

FEE ARRANGEMENT: open

MEDIATOR: Joe Brown

AGREED - ORDERED



OFFICE OF CIVIL JURY ASSIGNMENT CLERK
BEXAR COUNTY COURTHOUSE--ROOM 422
SAN ANTONIO, TEXAS 78205
(210) 335-2520

**RECEIVED**
LITIGATION

AUG 2 0 2010

CITY ATTORNEY'S OFFICE
SAN ANTONIO, TEXAS

August 18, 2010

**NOTICE OF JURY TRIAL SETTING**

DEBORAH KLEIN
Attorney at Law
PO BOX 839966  200
SAN ANTONIO, TX 78283-3966

005449

RE: RUSSELL D MARTIN VS. CITY OF SAN ANTONIO
Cause No: 2009-CI-06289

The above-styled and -numbered cause is set for trial **ON THE MERITS** on the  7th day of September, 2010 at  8:30 AM in the  37th District Court.  Failure to appear may result in default or dismissal for want of prosecution.

All parties shall deliver Motions in  Limine, Motions to Realign Parties or Equalize Peremptory Strikes, and a Proposed Jury Charge to all other parties by Noon on the last business day prior to the above-referenced trial date.

In the event the trial is expected to last ten (10) working days or longer, it is strongly suggested that a Rule 166 Pretrial Motion be heard at least sixty (60) days before the above-referenced setting date.

This cause is also set on the ADR docket on the                                  in the           District Court, Bexar County Courthouse.  You do not have to appear if an Agreed Order of Referral for Mediation is Provided to the ADR Coordinator three (3) days prior to the setting.  Otherwise, failure to appear as noticed may result in court selecting a mediator and allocating mediator fees between the parties.

DAVID A BERCHELMANN

JURY MONITORING JUDGE

CC:

DEBORAH KLEIN
JAVIER MALDONADO
JUAN GONZALEZ

No. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |
| | § | |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE

On the **AUG 19 2010** day of August, 2010, came on to be considered the parties' Agreed Motion

for Continuance. After considering the Motion and the parties' agreement, the Court is of the

opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the parties' Agreed

Motion for Continuance is hereby GRANTED and this case is removed from the Court's trial

docket for September 7, 2010 and reset for trial during the week of May 2, 2011.

SIGNED the ____ day of **AUG 19 2010** 2010

_____

JUDGE MONITORING

AGREED:

_____
Deborah Lynne Klein
SBN: 11556750
Office of the City Attorney
111 Soledad, 10th Floor
San Antonio, Texas 78205
*Attorney for Defendant*

_____
Javier Maldonado
SBN: 00794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
*Attorney for Plaintiff*

No. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |
| | § | |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE

On the ____ day of August, 2010, came on to be considered the parties' Agreed Motion for Continuance. After considering the Motion and the parties' agreement, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the parties' Agreed Motion for Continuance is hereby GRANTED and this case is removed from the Court's trial docket for September 7, 2010 and reset for trial during the week of May 2, 2011.

SIGNED the ____ day of _____, 2010

_____
JUDGE MONITORING

AGREED:

_____
Deborah Lynne Klein
SBN: 11556750
Office of the City Attorney
111 Soledad, 10th Floor
San Antonio, Texas 78205
*Attorney for Defendant*

_____
Javier Maldonado
SBN: 00794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
*Attorney for Plaintiff*



**OFFICE OF CIVIL JURY ASSIGNMENT CLERK**
BEXAR COUNTY COURTHOUSE—ROOM 422
SAN ANTONIO, TEXAS 78205
(210) 335-2520

## December  1, 2010
## NOTICE OF JURY TRIAL SETTING

DEBORAH KLEIN
Attorney at Law
PO BOX 839966   200
SAN ANTONIO, TX 78283-3966

RE: RUSSELL D MARTIN VS. CITY OF SAN ANTONIO
Cause No: 2009-CI-06289

     The above-styled and -numbered cause is set for
trial ON THE MERITS on the  2nd day of May, 2011
at  8:30 AM in the 131st District Court.  Failure to
appear may result in default or dismissal for want of
prosecution.

     All parties shall deliver Motions in  Limine,
Motions to Realign Parties or Equalize Peremptory Strikes,
and a Proposed Jury Charge to all other parties by Noon on
the last business day prior to the above-referenced trial
date.

     In the event the trial is expected to last ten (10)
working days or longer, it is strongly suggested that a
Rule 166 Pretrial Motion be heard at least sixty (60) days
before the above-referenced setting date.

     This cause is also set on the ADR docket on the
                in the      District
Court, Bexar County Courthouse.  You do not have to appear if an
Agreed Order of Referral for Mediation is Provided to the ADR
Coordinator three (3) days prior to the setting.  Otherwise,
failure to appear as noticed may result in court selecting a
mediator and allocating mediator fees between the parties.

                JOHN D. GABRIEL
                JURY MONITORING JUDGE

CC:

    DEBORAH KLEIN
    JAVIER MALDONADO
    JUAN GONZALEZ

No. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |
| | § | |

## AGREED MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW,  Defendant City of San Antonio and Plaintiff Russell D. Martin, and file this, their Agreed Motion for Continuance and would show as follows:

This case is currently set for trial on May 2, 2011; however, additional discovery remains to be accomplished and extra time would allow for a possible mediation in this case. The parties hereby request a continuance until October 17, 2011. This continuance is not sought for delay, but so that justice may be done. Such continuance will not prejudice any party, and will allow the parties adequate time to explore additional settlement possibilities and adequately prepare for a trial on the merits.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request that this Honorable Court grant this Agreed Motion for Continuance and reset this case for trial on October 17, 2011.

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
11 APR -6 AM 9:46
BY
DEPUTY

Respectfully submitted,

Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, TX 78205

_____
Deborah Lynne Klein
Attorney IV
SBN: 11556750
(210) 207-8919 / (210) 207-4357 FAX
*Attorney for Defendant*


_____
Javier Maldonado
SBN: 00794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
(210) 227-1603 / (210) 225-3958 Fax
*Attorney for Plaintiff*

Respectfully submitted,

Office of the City Attorney
Litigation Division
111 Soledad St., 10ᵗʰ Floor
San Antonio, TX 78205


Deborah Lynn Klein
Attorney IV
SBN: 11556750
(210) 207-8919 / (210) 207-4357 FAX
*Attorney for Defendant*


Javier Maldonado
SBN: 00794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
(210) 227-1603 / (210) 225-3958 Fax
*Attorney for Plaintiff*

No. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |
| | § | |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE

On the APR 0 6 2011 day of April, 2011, came on to be considered the parties' Agreed Motion for Continuance. After considering the Motion and the parties' agreement, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the parties' Agreed Motion for Continuance is hereby GRANTED and this case is removed from the Court's trial docket for May 2, 2011 and reset for trial during the week of October 17, 2011.

SIGNED the ____ day of APR 0 6 2011 ,2011

JOHN D. GABRIEL

JUDGE MONITORING

AGREED:

Deborah Lynne Klein
SBN: 11556750
Office of the City Attorney
111 Soledad, 10th Floor
San Antonio, Texas 78205
*Attorney for Defendant*

Javier Maldonado
SBN: 00794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
*Attorney for Plaintiff*

No. 2009CI06289

| | | |
|---|---|---|
| RUSSELL D. MARTIN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 408TH JUDICIAL DISTRICT |
| | § | |
| CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |
| | § | |

## ORDER GRANTING AGREED MOTION FOR CONTINUANCE

On the ____ day of April, 2011, came on to be considered the parties' Agreed Motion for

Continuance. After considering the Motion and the parties' agreement, the Court is of the

opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the parties' Agreed

Motion for Continuance is hereby GRANTED and this case is removed from the Court's trial

docket for May 2, 2011 and reset for trial during the week of October 17, 2011.

SIGNED the ____ day of _____, 2011


_____
JUDGE MONITORING


AGREED:

_____
Deborah Lynne Klein
SBN: 11556750
Office of the City Attorney
111 Soledad, 10th Floor
San Antonio, Texas 78205
*Attorney for Defendant*

_____
Javier Maldonado
SBN: 08794216
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205
*Attorney for Plaintiff*

*006067*



RECEIVED
LITIGATION

MAY 0 6 2011

CITY ATTORNEY'S OFFICE
SAN ANTONIO, TEXAS

OFFICE OF CIVIL JURY ASSIGNMENT CLERK
BEXAR COUNTY COURTHOUSE--ROOM 422
SAN ANTONIO, TEXAS 78205
(210) 335-2920

May  2, 2011

## NOTICE OF JURY TRIAL SETTING

DEBORAH KLEIN
Attorney at Law
111 SOLEDAD   10TH FLOOR
SAN ANTONIO, TX 78205


RE: RUSSELL D MARTIN VS. CITY OF SAN ANTONIO
Cause No: 2009-CI-06289

        The above-styled and -numbered cause is set for
trial ON THE MERITS on the 17th day of October, 2011
at  8:30 AM in the 150th District Court.  Failure to
appear may result in default or dismissal for want of
prosecution.

        All parties shall deliver Motions in  Limine,
Motions to Realign Parties or Equalize Peremptory Strikes,
and a Proposed Jury Charge to all other parties by Noon on
the last business day prior to the above-referenced trial
date.

        In the event the trial is expected to last ten (10)
working days or longer, it is strongly suggested that a
Rule 166 Pretrial Motion be heard at least sixty (60) days
before the above-referenced setting date.

        This cause is also set on the ADR docket on the
                                    in the          District
Court, Bexar County Courthouse.  You do not have to appear if an
Agreed Order of Referral for Mediation is Provided to the ADR
Coordinator three (3) days prior to the setting.  Otherwise,
failure to appear as noticed may result in court selecting a
mediator and allocating mediator fees between the parties.

                        JANET LITTLEJOHN

                        JURY MONITORING JUDGE

CC:


        DEBORAH KLEIN
        JAVIER MALDONADO
        JUAN GONZALEZ

FILED No. 2009CI06289
DISTRICT CLERK
BEXAR CO. TEXAS

2011 JUN 22 P 2: 27

DEPUTY

BY:_____

RUSSELL D. MARTIN §

V. §

CITY OF SAN ANTONIO §

§
§
§

IN THE DISTRICT COURT

408TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## NOTICE OF APPEARANCE OF COUNSEL

Defendant **CITY OF SAN ANTONIO** hereby gives notice that Shawn Fitzpatrick of

FITZPATRICK & KOSANOVICH, P.C., has entered his appearance as one of the attorneys of

record for Defendant City of San Antonio.

Respectfully submitted,

**FITZPATRICK & KOSANOVICH, P.C.**
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793 / (210) 408-6797 FAX

**SHAWN FITZPATRICK**
SBN: 00787474
*Attorney for Defendant City of San Antonio*

---and---

**CITY OF SAN ANTONIO**
Michael D. Bernard, City Attorney
SBN: 02211310
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, Texas 78205
(210) 207-8789 / (210) 207-4357 FAX

**DEBORAH LYNNE KLEIN**
Assistant City Attorney
SBN: 11556750
*Attorney for Defendant City of San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following via facsimile on June 22, 2011:

Javier Maldonado
Law Offices of Javier Maldonado
110 Broadway, Suite 510
San Antonio, Texas 78205

Juan M. Gonzalez
Gonzalez & Otero, LLC
110 Broadway St., Suite 510
San Antonio, Texas 78205

SHAWN FITZPATRICK



**RUSSELL D. MARTIN,**
   **Plaintiff,**

**vs.**

**CITY OF SAN ANTONIO,**
   **Defendant.**

FILED
Cause No. 2009-CI-06289
BEXAR CO. TEXAS

2011 SEP 15  P 4: 21

DEPUTY

BY:_____

§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

408TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## PLAINTIFF'S SECOND AMENDED PETITION

NOW COMES RUSSELL D. MARTIN, and files this his Second Amended Petition against Defendant City of San Antonio ("Defendant" or "San Antonio"), and would respectfully show the Court as follows:

1.      Pursuant to Tex. R. Civ. P. 190.3, discovery is intended to be conducted at Level 2.

### Parties

2.      Plaintiff is an individual residing in Stockdale, Wilson County, Texas. Defendant City of San Antonio is a local governmental entity as such term is defined in Tex. Gov't Code § 554.001(2)(B). Defendant San Antonio may be served with process by serving the Honorable Leticia M. Vacek, City Clerk, City of San Antonio, at 100 Military Plaza, 2nd Floor, San Antonio, Texas 78205. Plaintiff affirmatively pleads that he seeks injunctive relief, actual damages, courts, reasonable attorney's fees, reinstatement, compensation for lost wages, and the maximum amount of monetary relief for compensatory damages as allowed under Tex. Gov't Code § 554.003.

### Jurisdiction and Venue

3.      Plaintiff seeks relief within the jurisdictional limits of this Court. This Court has subject matter jurisdiction of this cause pursuant to Tex. Const. Art. V § 8 and

1

SEP-15-2011 16:45 From:MHLDUNHUU                    21058(4001            TO:2B(4557            Page:4(10

Tex. Gov't Code § 554.007.  This Court also has personal jurisdiction over the parties,

namely, a local governmental unit of the State of Texas and a natural person residing in

Texas.

     4.     Venue is proper under Tex. Civ. Prac. & Rem. Code § 15.02 as Bexar

County is the county in which all or a substantial part of the events or omissions giving

rise to the claim occurred.

**Facts**

     5.     Plaintiff is a 62 year-old male.  In 1969, Defendant San Antonio's Police

Department hired Plaintiff in its patrol unit.  Plaintiff subsequently worked for the Traffic

Division and then the Expressway Patrol.  In 1979, Plaintiff voluntarily left Defendant's

employment to work for the Southern Pacific Railroad.

     6.     Plaintiff again applied for employment with Defendant in 1989 and

Defendant San Antonio hired Plaintiff to work as a police officer with the San Antonio

Airport Police Department.

     7.     On or about March 2007, Plaintiff was working as acting Sergeant under

the supervision of Lt. John Gruchacz.  Several weeks later, I became aware that Lt.

Gruchacz was discriminating and retaliating against Patrol Officer Kim Igleheart because

of her sex and disabled condition and for opposing discrimination.  Lt. Gruchacz

instructed me to "get" Ms. Igleheart on anything I could.  I told Lt. Gruchacz that I would

not participate in retaliation against Ms. Igleheart.

     8.     On or about June 22, 2007, Plaintiff was interviewed by Defendant's EEO

office concerning allegations of discrimination and retaliation against Ms. Igleheart by

Lt. Gruchacz.

2

9.      Thereafter, on or about, September 2007, Lt. Gurchacz, acting within the course and scope of his employment with Defendant, demoted Plaintiff by stripping Plaintiff of his "acting Sergeant" position.

10.     Further, on or about March 18, 2008, Plaintiff reported to his immediate supervisor, Lt. Gruchacz, that Airport Police Sergeant (Sgt.) Orlando Battles was fraudulently reporting his work hours, in effect violating, among other laws, Tex. Penal Code §§ 37.02 (perjury) and 37.10 (tampering with a government record).

11.     Such allegation was subsequently forwarded to Lt. Richard Griffin.

12.     On or about June 16, 2008, Lt. Griffin forwarded Plaintiff's complaint of Sgt. Battles to Airport Police Chief Ron Bruner.

13.     Soon after Chief Bruner received Plaintiff's allegation of wrongdoing by Sgt. Battles, Defendant and its agents began a campaign of retaliation against Plaintiff.

14.     On June 17, 2008, Lt. Gruchacz assigned Plaintiff to work under Sgt. Battles, the same person Plaintiff reported to Defendant for committing criminal violations.

15.     Plaintiff complained to Lt. Gruchacz and submitted written objections about the reassignment.

16.     On June 20, 2008, Chief Bruner advised Plaintiff that he would not be working under Sgt. Battles.

17.     But on June 24, 2008, Defendant San Antonio advised Plaintiff that the department's Internal Affairs Unit was investigating disciplinary action against him for an email Plaintiff wrote to Lt. Gruchacz on March 1, 2008.

18.     On August 6, 2008, Plaintiff appeared before the Advisory Action Board

3

regarding alleged violations relating to the email he sent to Lt. Gruchacz on March 1, 2008. At the same time that it was reviewing Plaintiff's case, the Board was also considering disciplinary action against two other officers, one of them being Sgt. Battles for his fraudulent reporting of work hours. Plaintiff later learned that the Board recommended that he be suspended for 3 days and that Sgt. Battles be suspended for 10 days.

19.   Later on November 18, 2008, Plaintiff was called to a meeting with Chief Bruner, Lt. Griffin, Lt. Gruchacz, Assistant Aviation Director Tim O'Krongley, and Human Resource Specialist Mona Osburn. At this meeting, Defendant served Plaintiff with a proposed notice of termination for alleged violations arising out of the March 1, 2008 incident as well as comments Plaintiff allegedly made on June 18, 2008. Prior to this meeting, Defendant had not provided any notice to Plaintiff that it was seeking disciplinary action against him related to the comments alleged to have been made on June 18, 2008.

20.   The alleged June 18, 2008 comments concerned Plaintiff's reservations about working under Sgt. Battles. According to Defendant, such comments were a violation of the workplace violence policy and required Plaintiff's immediate suspension notwithstanding the fact that Plaintiff had been working for five (5) months without any problems. Moreover, this was the first time Defendant ever notified Plaintiff that his June 18, 2008 comments were the subject of disciplinary action.

21.   On November 18, 2008, Defendant placed Plaintiff on administrative leave pending a decision on his proposed termination.

22.   On November 25, 2008, Plaintiff submitted a response to Defendant's

4

proposed termination. Defendant, however, did not allow Plaintiff to come onto airport property and required that Lt. Griffin escort Plaintiff.

23.     On December 9, 2008, Plaintiff met with Ms. Osburn, Chief Bruner, and Lt. Griffin.   Defendant served Plaintiff with a final notice of termination of his employment. Defendant terminated Plaintiff's employment purportedly because of the email on March 1, 2008 and the comments allegedly made by Plaintiff on June 18, 2008. To Plaintiff's knowledge, Defendant never conducted an investigation into the alleged June 18, 2008 comments.

24.     Plaintiff timely appealed his termination to the San Antonio Municipal Civil Commission and the Commission held a hearing on Plaintiff's termination on February 19-20, 2009.

25.     At the conclusion of the hearing, the Commission concluded that Defendant's evidence did not support Plaintiff's termination and recommended that Defendant reverse its decision to terminate Plaintiff and, instead, reinstate him.   In addition, the Commission recommended that Plaintiff be suspended for 3 days for the March 1, 2008 email and 5 days for the June 18, 2008 comments.

26.     On March 17, 2009, Defendant City Manager Sheryl Sculley rejected the Commission's findings and recommendation even though she had neither the benefit of having heard live testimony or reviewing the evidence against Plaintiff.

### Unlawful Retaliation

27.     Incorporating paragraphs 1-26 above, Plaintiff alleges that Defendant retaliated against him (i) in violation of Tex. Labor Code §21.055 for Plaintiff's opposition of a discriminatory practice and his participation in an investigation,

5

proceeding or hearing ; and (ii) in violation of Tex. Gov't Code §554.002 by terminating Plaintiff's employment for participating in protective activity by reporting a violation of law by another public employee to an appropriate law enforcement authority.

### Due Process Violations

28.     Incorporating paragraphs 1-26 above, Plaintiff alleges that Defendant subjected him, or caused him to be subjected, to the deprivation of a constitutional right by terminating his employment without due process in violation of 42 U.S.C. § 1983. Defendant violated Plaintiff's minimal due process to which he was entitled under the Fourteenth Amendment of the United States Constitution.  Specifically, Defendant was required by applicable law and governing procedures to conduct an investigation into the comments allegedly made by Plaintiff on June 18, 2008 if those comments were intended to be used by Defendant to terminate Plaintiff's employment.  Defendant did not conduct any investigation into the comments prior to terminating his employment.   Additionally, Defendant denied Plaintiff any sort of a *Loudermill* hearing prior to the discharge of Plaintiff's employment.   Defendant's actions deprived Plaintiff of his constitutionally protected property interest in his employment.

### Damages

29.     As a result of the Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer actual and compensatory damages.

30.     Plaintiff seeks all the remedies and relief authorized by Tex. Labor Code §21.2585, Tex. Labor Code §21.259, and Tex. Gov't Code §554.003, including but not limited to court costs, reinstatement, actual damages, lost wages, front pay, court costs, attorney's fees, and compensatory damages for past and future pecuniary losses,

6

emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Exhaustion of Administrative Procedures

31.    Plaintiff has exhausted all administrative procedures prerequisite to bringing this cause to Court.

32.    Plaintiff availed himself of the appeal procedures afforded to city employees and timely appealed his termination to the San Antonio Civil Service Commission.

33.    Defendant rendered a final decision on Plaintiff's appeal on March 17, 2009.

34.    This suit was filed within the 30 days after exhaustion of March 17, 2009, the date when the appeal procedures were exhausted.

35.    Further, on or about May 6, 2009, Plaintiff filed a complaint with the EEOC, with election that such complaint be filed with the Civil Rights Division of the Texas Workforce Commission, alleging that Defendant had unlawfully retaliated against him.

36.    On or about July 30, 2009, the EEOC issued a decision with respect to Plaintiff's retaliation claim. Such decision was received by Plaintiff's counsel on or about August 2, 2009.

37.    On or about August 24, 2009, the Texas Workforce Commission issued a Right to Sue notice. This suit is filed within two years of the accrual of the action and is timely. Therefore, Plaintiff has exhausted all administrative procedures prerequisite to bringing this cause to court.

7

38.     Plaintiff demands a jury trial on all issues of fact and damages arising in this case.

### Prayer for Relief

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

1.     Judgment against Defendant for the lost wages, front pay, actual damages and compensatory damages suffered by Plaintiff as a result of Defendant's conduct, in an amount within the jurisdictional limits of the Court;

2.     An order directing Defendant to reinstate Plaintiff to his former position or an equivalent position;

3.     Costs of suit;

4.     Reasonable attorney's fees;

5.     Such other and further relief to which the Plaintiff may be justly entitled.

8

Respectfully Submitted,

_____
JAVIER N. MALDONADO
Texas Bar No. 00794216
110 Broadway St., Ste. 510
San Antonio, Texas 78205
Phone: 210-227-1603
Facsimile: 210-225-3958


_____
Juan M. Gonzalez
Texas Bar No. 24002158
Gonzalez & Otero LLC
110 Broadway St., Ste. 510
San Antonio, TX 78205
Phone: 210-587-4000
Fax: 210-587-4001

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served via regular mail and facsimile and in accordance with the Texas Rules of Civil Procedure on September ____ of 2009 to:

Deborah Lynne Klein
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Fl.
San Antonio, TX 78205

_____ CM/RRR
_____ Facsimile (210-207-4357)
_____ Express Mail
_____ Hand Delivery
_____ First Class
_____ Email


_____
JAVIER N. MALDONADO

9